40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Redelk Ironhorse THOMAS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5099.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' March 16, 1994 order dismissing Redelk Ironhorse Thomas's complaint for lack of jurisdiction. Thomas has not responded.
 
 
 2
 Thomas filed a complaint entitled "CLASS ACTION COMPLAINT FOR IMMEDIATE INJUNCTION TO FORCE COMPLIANCE OF N.A.F.E.R. ACT 1993 WITH A JURY DEMAND" in the Court of Federal Claims. The complaint stated that it was submitted as a class action suit brought by "Incarcerated Maximum Security Native American Prisoners To Challenge The State Of Utah, And To Force Compliance Of The Codified Provisions Of The Native American Free Exercise Of Religion Act of 1993...." Named defendants included the state of Utah, various judges, prison officials, and other government officials and employees.
 
 
 3
 Thomas sought an injunction to permit, inter alia, Native American prisoners to have access to various items of alleged religious or cultural significance and to participate in certain ceremonies. Thomas also sought attorney fees and expert witness fees.
 
 
 4
 On March 16, 1994, the Court of Federal Claims issued an order stating:
 
 
 5
 Under cover of an application to proceed in forma pauperis, plaintiff Redelk Ironhorse Thomas submitted to the court a document entitled "Class Action Complaint for Immediate Injunction." Upon review of this document, the court notes that the named defendants in this case are all Utah district court judges, the State of Utah and state government and listed officials of the State of Utah, including its senators, congressmen, correctional personnel and attorneys general.
 
 
 6
 The United States Court of Federal Claims, among other jurisdictional limitations, is vested with jurisdiction only to hear claims brought against the United States. This court is precluded from hearing claims sounding in tort, constitutional due process claims and claims for a civil remedy against a judge of the United States. Plaintiff's petition clearly falls outside the jurisdiction of this court. Therefore, plaintiff's claim is hereby, DISMISSED, with prejudice....
 
 
 7
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted.
 
 
 8
 Thomas did not respond to the motion for summary affirmance. In his informal brief, Thomas states that the Court of Federal Claims did not state reasons for its dismissal and "merely dismissed because I am a Native American prisoner." Thomas does not argue that the Court of Federal Claims had jurisdiction over his complaint.
 
 
 9
 The Court of Federal Claims correctly concluded that Thomas' complaint was not an action against the United States and that the Court of Federal Claims thus did not have jurisdiction. No question exists regarding the proper outcome of this appeal.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) The United States' motion for summary affirmance is granted.
 
 
 12
 (2) Each side shall bear its own costs.